JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

SUSAN R. JERICH (CABN 188462)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California
   Telephone: (415) 436-7158
   Facsimile: (415) 436-6982
   E-Mail: susan.jerich@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-09-657 PJH |
|    Plaintiff, | ) | |
| | ) | [~~PROPOSED~~] ORDER OF DETENTION |
| v. | ) | |
| | ) | |
| FRANCISCO TORRES, SR., | ) | |
| | ) | |
|    Defendant. | ) | |
| _____ | ) | |

## I. INTRODUCTION

A detention hearing in the above-captioned case for defendant Francisco Torres, Sr. was conducted on July 17, 2009. The Court has carefully considered the proffers of the government and the defendant's counsel and the pre-trial services report(s). The Court finds by a preponderance of the evidence that the defendant poses a risk of flight. The Court finds, for the reasons set forth below, that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released. Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

Detention Memorandum
CR 09-657 PJH                   1

## II. FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142

### 1. **Charges and Rebuttable Presumption**

On June 25, 2009, the Grand Jury for the Northern District of California returned an indictment charging defendant Francisco Torres, Sr. ("Torres") with conspiracy to distribute cocaine and possession of cocaine with the intention to distribute, in violation of Title 21 U.S.C. §§ 846 and 841(a)(1) respectively. The defendant faces a mandatory minium sentence of ten years and both counts carry a maximum sentence of life imprisonment. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. *See* 18 U.S.C. §3142(e).

### 2. **Nature and Circumstances of the Offense**

According to a government proffer, Torres participated in a conspiracy, with three other individuals, Francisco Torres, Jr., Ricardo Rivera ("Rivera") and Gregorio Berber Valdovinos ("Valdovinos") to distribute ten kilograms (twenty-two pounds) of cocaine. Torres, Sr. and Torres, Jr. initially approached an individual in Santa Rosa, California in December, 2008. Torres Sr. told that individual that they could provide cocaine or methamphetamine to buyers. Torres asked that business be directed to them. Subsequently, the Torres drug trafficking organization ("DTO") negotiated a deal to provide thirty pounds of methamphetamine[1] to prospective buyers.

On January 20, 2009, Torres, Jr. and two other co-defendants, were present in a commercial establishment in Santa Rosa, California for the cocaine delivery. The cocaine was supplied by an individual in Los Angeles, known only as "El Toro." Co-defendants Rivera and Valdovinos transported the cocaine from the Los Angeles area up to the Northern District of California. Torres, Sr. was not present for the cocaine delivery.

### 3. **Weight of the Evidence**

The government proffered that the evidence, although the least important factor for

---

[1] Although the parties negotiated for methamphetamine, the Torres DTO delivered cocaine to the buyer on January 20, 2009.

Detention Memorandum
CR 09-657 PJH            2

the court's consideration, is significant against Torres, Sr.  The government stated that its evidence consisted of tape recorded conversations with Torres, Sr. and Torres, Jr. where, among other things, drug transactions and prices are discussed.   Additionally, video taped surveillance footage exists.

### 3. **Travel to Mexico & the Defendant's Immigration Status**

The defendant, a resident of the Eastern District of California, was originally born in Mexico.  The pretrial services reports indicated that the defendant has family living in Mexico.  One of the defendant's daughters, currently living in the United States, is in the country on a  work visa that expires in 2011.  The pretrial services report states that the defendant has traveled frequently to Mexico. Finally, the defendant is a legal permanent resident.  Therefore, if the defendant, a 69 year old male, were convicted on these felony narcotics trafficking offenses, there is a high probability that the defendant would be deported back to Mexico.  The court finds that these factors in particular, coupled with the prison time the defendant faces if convicted, provide a basis for concluding that the defendant poses a significant risk of flight.

### III. LEGAL AUTHORITY TO DETAIN THE DEFENDANT

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more.  18 U.S.C. §3142 (e).  Once the defendant produces some evidence to rebut the presumption, the presumption has been rebutted. *United States v. Cook*, 880 F. 2d 1158, 1162 (10th Cir. 1989).  However, the presumption does not disappear, but rather remains as a factor for consideration in the Court's determination. *Id*.

The judicial officer may detain a defendant if the Government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F. 2d 1403, 1407 (9th Cir. 1985), *United States v. Gebro*, 948 F. 2d 1118,

Detention Memorandum
CR 09-657 PJH                    3

1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." *United States v. Townsend*, 897 F. 2d 989, 993-94 (9th Cir. 1990). A defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight.

The judicial officer may also detain a defendant where the Government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. *United States v. Salerno*, 481 U.S. 739 (1987).

In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. *See United States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

In short, the Government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Gebro*, 948 F. 2d 1118, 1120 (9th Cir. 1991); *United States v. Motamedi*, 767 F. 23d 1403, 1405 (9th Cir. 1985).

**IV.   CONCLUSION**

The Court finds that the defendant has not overcome the rebuttable presumption that he is a flight risk. *See* 18 U.S.C. §3142(e). Given the defendant's ties to Mexico and his lack of ties to the Northern District of California, the Court finds by a preponderance of the evidence that no conditions or combination of conditions or release it could fashion

Detention Memorandum
CR 09-657 PJH                    4

1  would assure the defendant's appearance for trial if he was released.[2]  Therefore, the
2  Court ORDERS that the defendant be detained.

3
4  July 20, 2009                              _____
5                                             HON. NANDOR J. VADAS
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] The pretrial services report(s) and the defendant argued that the defendant's return to court could be assured by a nominal secured bond.  The court disagreed.  However, the court stated that the defendant was free to petition the court for release in the future if the defendant could provide a more significant amount of money to secure a release bond.

Detention Memorandum
CR 09-657 PJH                    5